## Robinson *v.* Hart, Appellant.

*Execution—Sale—Levy—Lien.*

An execution and levy is entirely compatible with a continuing property right in the debtor, sufficient at least for sale and transfer.

Where the owner of a stock of goods, valued at $650 and subject to the lien of an execution, sells the goods to a person who had become liable as indorser for the owner to the amount of $400, and the latter agrees to pay the execution creditor, which he does by a check refused at first by the sheriff, but subsequently accepted by the creditor, the purchaser is entitled to the goods as against other execution creditors of the original owner whose executions were issued long after the acceptance of the check.

Argued Feb. 10, 1903. Appeal, No. 16, Feb. T., 1903, by defendant, from judgment of C. P. Tioga Co., Nov. T., 1901, No. 78, on verdict for plaintiff in case of Richard F. Robinson *v.* Luther W. Hart. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for illegal levy and sale of goods. Before NILES, P. J.

At the trial the following offer was made.

Mr. Merrick: Counsel for the defendant offer in evidence, Appearance Docket Y-4, common pleas of Tioga county, No. 321, September term, 1901, page 412, George Bubb and Sons v. T. J. Birmingham.

This is offered for the purpose of showing that a writ was in the hands of the sheriff from July 18, 1901, unsatisfied, until after this levy by the constable. Counsel for the defendant offer this record to show a judgment against this defendant Birmingham existing when he says he made this sale ; and for the further purpose of showing that a writ was issued and received by the sheriff on July 18, 1901, pursuant to this record. We offer to show by the testimony of the attorney for the plaintiff in the execution in this case who received a portion of the money paid upon the execution in the hands of the sheriff ; that it was not paid to him till the evening by the evening mail of July 25, 1901. For the purpose of showing that this property sued for here by Dr. Robinson on his alleged purchase of it, was then in the custody of the law under a writ in the sheriff's hands unsatisfied when these later writs upon which the defendant in this case, Mr. Hart the constable, sold this property.

Mr. Cameron : Counsel for the plaintiff objects to the evidence as incompetent, immaterial and irrelevant. All that the plaintiff in that execution could possibly ask for was his money, and he got it ; the money furnished by Dr. Robinson paid the plaintiffs in this case.

There is nothing on the record to show when the writ was satisfied, but it does show it was issued on July 18, and returned satisfied. Further objection is made that the evidence proposed does not relate to any execution by any of the parties whose executions came into the hands of the constable on July 25, 1901, and on which the sale was made.

The Court: This is a new question that has been submitted by the defendant in this case and about which the respective counsel differ very radically. The plaintiff, Dr. Robinson, has introduced evidence by which he desires to satisfy the jury that on July 22, 1901, he purchased a certain stock of goods then owned by T. J. Birmingham situated in Morris township. The defendant by way of reply shows that he was

the constable of Morris township, and acting under sundry writs placed in his hands as we remember it on July 25, 1901, three days afterwards.   These writs, the writs in the hands of the constable, and the defendant in this case, came to him from judgments that were rendered by justice of the peace Thomas J. Williams, a magistrate then living, and now living in the borough of Blossburg.   He states that he made the levy on the morning of July 25, between the hours of 9 and 10 o'clock. Now the defendant offers a record, Appearance Docket Y-4, containing a judgment in favor of George Bubb and Sons v. T. J. Birmingham, the person from whom the plaintiff in this action alleges he purchased these goods; and offers to show that on July 18, 1901, an execution issued upon that day, which was several days prior to the date of this alleged purchase.   The record shows that judgment was satisfied; but it is alleged in the offer that it was not satisfied until after the date of this alleged purchase by Dr. Robinson.   Now it occurs to us that this man Birmingham had a right to dispose of these goods excepting as to the execution that was then issued upon and was a lien upon the goods at the time he made the transfer. As a matter of course, as between George Bubb and Sons the then execution creditor and the plaintiffs in that case could have no defense as this execution of the Bubbs was a lien against those goods at the time of the transfer.   But we are of the opinion that if Mr. Bubb is satisfied, that the defendant who represented other execution creditors is not in a position to take advantage of the fact that Mr. Bubb at one time had an execution against Mr. Birmingham; and we shall be compelled so to hold; and if we are wrong of course we can be reviewed.

As between Bubb and Robinson as a matter of course that prior writ would prevail.   We will sustain the objection and exclude the evidence.   Bill sealed.

Verdict and judgment for plaintiff for $600.   Defendant appealed.

*Error assigned* was in overruling offer as above.

*George W. Merrick*, with him *Frank S. Hughes* and *Robert K. Young*, for appellant.—It is a familiar rule of law that per-

sonal property under the lien of a writ is in the custody of the law, and the law protects this custody with a jealous hand. Interference with the law's possession is forbidden by criminal enactment: Reinheimer v. Hemingway, 35 Pa. 432.

*David Cameron*, with him *A. B. Dunsmore*, for appellee.

OPINION BY ORLADY, J., October 5, 1903:

The undisputed facts disclosed by this record are as follows: Thomas J. Birmingham was the owner of a small store, which inventoried, at cost prices, $650. Richard F. Robinson was liable as his indorser in the sum of $400. At the time of incurring this liability it was agreed that Robinson should be secured by a transfer of the store if it became necessary. On July 18, 1901, an execution was issued on a judgment of the court of common pleas, which became a lien on the goods in the store. On July 19, Birmingham sold the store to Robinson, who paid therefor a sum sufficient to pay the execution and certain rents due by Birmingham, all of which were paid in full by the debtor and actual possession of the store was delivered to Robinson on July 22. On July 18, three creditors brought suit against Birmingham before a justice of the peace and recovered judgments against him on July 24, on which executions were issued on August 12, a levy made thereunder, and the stock of goods was sold by Luther W. Hart, a constable, and the defendant herein.

Robinson gave due notice of his claim to the property at the constable's sale, but it was disregarded and this action was brought by Robinson to recover damages for the trespass.

The plaintiff recovered a verdict which represents the fair value of the goods. When Robinson bought the store the only execution he had any knowledge of was the one he arranged to pay in full, and that the price paid by him was a fair and reasonable one. His sole purpose in making the purchase so far as disclosed by the record was to provide for the payment of an honest debt.

The defendant offered to show on the trial that in arranging for the execution, a check was offered in part payment by Birmingham, which was declined by the sheriff and it was sent to but not received by the attorney who represented the execu-

tion until July 25.   This offer was excluded by the court and the appellant urges that at the time of the sale to Robinson the goods were in the custody of the law so that the sale was fraudulent and void.   This is the sole question raised by the assignment of error and it cannot be sustained.

The time when the check was received was not material under the facts, as the delay in transmission was not caused by Birmingham who had in good faith sent it by due course of mail service on July 19, and his intention to pay the execution relates to the time he mailed the check.   Moreover the check was good for the money it represented, it was accepted as such by the attorney for the execution plaintiff and the judgment was satisfied on the record on July 26 as having been paid in full of debt, interest and costs.   The execution from the common pleas vested in the sheriff an interest in the stock of goods, sufficient to enable him to pursue the goods levied on in the hands of a trespasser.   But that interest was extinguished by the payment of the debt, and until the goods were sold by the sheriff by virtue of the writ in his hands there was a general property right to the goods in the judgment debtor, which was not divested by the sheriff's levy.   It remained in the debtor, subject to the levy and was at his disposal burdened with the lien of the levy.   An execution and levy is entirely compatible with a continuing property right in the debtor, sufficient at least for sale and transfer.   Had the levy been withdrawn by the execution plaintiff the right of the debtor to sell would not be questioned, and when the execution was satisfied by payment in full the debtor was at liberty to sell the property free of any incumbrance.   The only lien on the goods on July 22 was the execution mentioned and when that was paid the sale to Robinson passed to him full title to the property.   At most the cloud suggested by the appellant was removed and the transaction between Birmingham and Robinson was consummated long before the execution was issued by the justice of the peace.

The assignment of error is not sustained and the judgment is affirmed.